[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16440
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02520-RWS


STEVEN W. BERNSTEIN,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE,
FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendants-Appellees,

MCCALLA RAYMER, LLC,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 12, 2017)

Before  TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In November 2007, Steven Bernstein gave Terrace Mortgage Company a security deed to secure a $400,000 note, the proceeds of which he used to refinance the mortgage on his residence.  The deed and note were subsequently assigned to Wells Fargo.  On February 22, 2010, Bernstein exercised his right to rescind the loan transaction under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, specifically § 1635(a), by sending Wells Fargo a notice of his intent to rescind the transaction.[1]  Under § 1635(b), Wells Fargo had 20 days after receipt of Bernstein's notice to return to Bernstein "any money or property given as earnest money, down payment, or otherwise, and . . . take any action necessary or appropriate to reflect the termination of any security interest created upon the

---

[1] Section 1635(a), Disclosure of obligor's right to rescind, states in pertinent part:

 [I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

transaction."[2]  If the creditor fails to take these steps, it is amenable to suit under §

1640(e), which provides that an action may be brought in district court "within one

year from the date of the occurrence of the violation."  *Id*. § 1640(e).  Wells Fargo

failed to take any of these steps.  In consequence, Bernstein had "three years after

the date of the consummation of the [loan] transaction," to enforce his right to

rescission; otherwise, it would expire.  *Id.* § 1635(f).

Bernstein brought this action *pro se* to enforce his right to rescission on July

15, 2015.[3]  He alleged that he exercised his § 1635(a) right to rescind on February

22, 2010, by sending Wells Fargo a notice to that effect, and that when Wells

Fargo failed to respond, the notice rendered both Wells Fargo's security interest

and the note he executed void by operation of law.  Wells Fargo moved to dismiss

Bernstein's claim, arguing that § 1635(f)'s three-year provision did not apply

---

[2] Section 1635(b), Return of money or property following rescission, states in pertinent part:

> When an obligor exercises his right to rescind under subsection (a), he is not
> liable for any finance or other charge, and any security interest given by the
> obligor, including any such interest arising by operation of law, becomes void
> upon such a rescission. Within 20 days after receipt of a notice of rescission, the
> creditor shall return to the obligor any money or property given as earnest money,
> down payment, or otherwise, and shall take any action necessary or appropriate to
> reflect the termination of any security interest created under the transaction. If the
> creditor has delivered any property to the obligor, the obligor may retain
> possession of it. Upon the performance of the creditor's obligations under this
> section, the obligor shall tender the property to the creditor, except that if return of
> the property in kind would be impracticable or inequitable, the obligor shall
> tender its reasonable value.

15 U.S.C. § 1635(f).

[3] Bernstein's complaint contained other claims arising out of the loan transaction not implicated
in this appeal.

because the loan was a "residential mortgage transaction" and § 1635(e)(1) rendered that provision inapplicable.[4]  It argued alternatively that the three-year provision provided Bernstein no benefit because he waited more than five years after sending his notice of intent to rescind before filing suit.

The District Court gave Bernstein the benefit of the doubt as to whether the loan was a residential mortgage transaction such that § 1635(f)'s three-year provision was rendered inapplicable by § 1635(e)(1)'s bar, but nonetheless concluded that his TILA claim was untimely.  Under 15 U.S.C. § 1640(e), all TILA claims must be brought "within one year from the date of the occurrence of the [creditor's] violation."  Wells Fargo's failure to discharge its § 1635(b) obligations within 20 days after receiving Bernstein's notice to rescind constituted a violation within the meaning of § 1640(e), and thus set the clock for the one-year period that section provides.  That period began to run on March 14, 2011.  Applying the three-year limitations period of § 1635(f), Bernstein had until March 13, 2014 to sue.  He waited too long, until July 15, 2014, to act.

Bernstein urged the District Court to hold that he was enforcing "an already-effective rescission of his mortgage, relying on *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790 (2015), for the proposition that giving notice alone affects a rescission by operation of law."  Doc. 29 at 14.  He posits that "pursuant

---

[4] Section 1635(e)(1) provides that § 1635, which includes § 1635(f), does not apply to "(1) a residential mortgage transaction as defined in section 1602(w) of this title."

to the 'roadmap' provided by *Jesinoski* he did not have to file a lawsuit to compel rescission." The burden was on Wells Fargo. *Id.* at 14–15. The District Court was not persuaded. Nor are we. We therefore affirm the District Court's ruling that Bernstein's claim is time-barred. In doing so, we reject his equitable-tolling argument as frivolous. We reject as meritless his argument that the Court erred in dismissing his claim for declaratory relief under the Georgia Declaratory Judgment Act, O.C.G.A. § 9-4-2.

AFFIRMED.